In re 18TH AVENUE DEVELOPMENT CORP., Debtor.

A. T. EUSTER FURNITURE COMPANY, Plaintiff,

v.

18TH AVENUE DEVELOPMENT CORP. and William Seidle, Trustee, Defendants.

Bankruptcy No. 79–01230 BKC SMW. Adv. No. 80–0070.

United States Bankruptcy Court, S. D. Florida.

June 27, 1980.

Sandler & Sandler, P.A., Miami, Fla., for William Seidle, Trustee.

Peter H. Leavy, Robert Schatzman, Miami, Fla., for debtor.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE came on to be heard before the undersigned Judge of this Court for trial on the complaint for reclamation filed by the Plaintiff. The Defendant, 18TH AVENUE DEVELOPMENT CORP., filed an answer to the complaint and the Defendant/Trustee filed an answer and counterclaim. The Court heard testimony of witnesses, received various documents and exhibits in evidence and heard argument of Counsel. The Court being fully advised in the premises makes the following Findings of Fact and Conclusions of Law.

The Plaintiff holds a duly perfected security interest in certain personal property in the possession of the Defendants, all of which was described in the exhibits admitted in evidence and testimony at trial. This Security Agreement between 18TH AVENUE DEVELOPMENT CORP. and the Plaintiff was assigned to SOUTHEAST FIRST NATIONAL BANK OF MIAMI by the Plaintiff.

Prior to the institution of the Chapter 11 Proceedings herein, the Debtor, 18TH AVENUE DEVELOPMENT CORP., was in default under the terms of said Security Agreement by failing to pay installments due. Consequently, the Security Agreement was reassigned to the Plaintiff. The Plaintiff is the present holder and owner thereof.

The Plaintiff has a claim against the Debtor in the sum of Thirty-one thousand Nine hundred and Sixty-six dollars and forty-three cents ($31,966.43) which is the unpaid balance due under the terms of the aforesaid Agreement. The property securing the indebtedness from 18TH AVENUE DEVELOPMENT CORP. to the Plaintiff has a value of Six thousand dollars ($6,000.00).

This property, securing the plaintiff's claim, was included in the Agreement for Sale of certain model homes which the Trustee proposes to sell.

11 U.S.C. § 506 provides for the separation of an undersecured Creditor's claim into two parts. One part is secured to the extent of the value of the collateral and one part which represents the balance to be allowed as an unsecured claim. The value of the collateral is undisputed. I therefore conclude that the Plaintiff has a secured claim in the sum of Six thousand dollars ($6,000.00). The balance of the Plaintiff's claim in the sum of Twenty-five thousand Nine hundred and Sixty-six dollars and forty-three cents ($25,966.43) should be allowed as an unsecured claim.

A Judgment will be entered in accordance with these Findings and Conclusions.